UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IONJI, LLC d/b/a IONJI CONSULTING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:23-cv-129 |
| vs. | ) |
| | ) |
| TRIPLE 7 COMMODITIES, INC. and | ) |
| ROBERT CHRISTIANSEN, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff Ionji, LLC d/b/a Ionji Consulting ("Ionji" or "Plaintiff"), by counsel, and for its Complaint for Damages and Injunctive Relief against Defendants Triple 7 Commodities, Inc. and Robert Christiansen (collectively "Defendants") states as follows:

**PARTIES**

1. Ionji is a limited liability company organized under the laws of the State of Indiana with its principal place of business located at 3856 Branch Creek Court, Zionsville, Indiana 46077.

2. Triple 7 Commodities, Inc. ("T7C") is a West Virginia for-profit corporation with its principal office address located at 5540 KY 1809, Barbourville, KY 40906.

3. Robert Christiansen ("Christiansen") is a citizen of the state of Florida with a residence at 30736 Satinleaf Run, Brooksville, Florida 34602.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §1332, since the parties are completely diverse in citizenship and the amount in controversy exceeds the sum of Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs.

5. As to diversity of citizenship, Ionji is an Indiana limited liability company with its principal place of business in Indiana. The only member of Ionji is Frederick P. Melenchuk, who is a citizen of the State of Indiana.

6. This Court has personal jurisdiction over Defendant T7C because it does business in this judicial district, has committed statutory torts within this judicial district, and has sufficient minimum contacts to subject it to personal jurisdiction in this judicial district. Further, pursuant to a Confidential Release and Settlement Agreement (the "Agreement") entered into between Ionji and Defendants, T7C agreed to venue in the United States District Courts for the Southern District of Indiana.

7. This Court has personal jurisdiction over Defendant Christiansen because Christiansen did business in this judicial district, has committed statutory torts within this judicial district, and has sufficient minimum contacts to subject it to personal jurisdiction in this judicial district. Christiansen is also party to the Agreement stipulating to venue in the United States District Courts for the Southern District of Indiana.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the event or omissions giving rise to the claims occurred in this district, and because the parties stipulated to venue in this Court.

## RELEVANT FACTS

9. On or around May 5, 2022, Ionji filed suit against Defendants in the Southern District of Indiana, Indianapolis Division, under Case No. 1:22-cv-885-JMS-MJD (the "Lawsuit").

10. In the Lawsuit, Ionji alleged that T7C breached its agreements with Ionji by failing to pay for services provided, and by hiring Christiansen to be employed by T7C. Ionji also alleged that Christiansen breached his restrictive covenants through his employment with T7C.

11. To resolve the Lawsuit, on or around November 22, 2022, the parties entered into the Agreement. A true and accurate copy of the Agreement is attached hereto and fully incorporated herein as **Exhibit A**.

12. In exchange for dismissal of the Lawsuit with prejudice, Defendants agreed to pay Ionji a principle amount of Six Hundred Twelve Thousand Six Hundred Ninety-Seven Dollars and Twenty-Nine Cents ($612,697.29), and interest at twelve percent (12%) per annum, consistent with the payment terms of the Agreement. The Agreement includes an exhibit with a repayment schedule which Defendants committed to as part of the Agreement. *See* Agreement, Ex. A.

13. Specifically, Paragraph 1(B) of the Agreement states the following:

> B. **Settlement Payments.** T7C has agreed to make Settlement Payments commencing with the first payment on November 28, 2022 (such first payment, the "Initial Payment"), in installments of Fifteen Thousand and 00/100 Dollars ($15,000.00) each, free and clear of and without deduction for any taxes, fees or other charges of any nature whatsoever imposed by any taxing authority, without setoff or counterclaim. Further monthly payments of $15,000.00 are due on the 28th day of each month to Ionji as set forth in the Repayment Plan attached.

14. Paragraph 3 of the Agreement states the following:

> 3. **Breach of this Agreement; Remedies.** If any Party breaches any of the provisions contained in this Agreement, the non-breaching Party shall retain any consideration paid hereunder and shall have the right to enforce any of the rights granted under this Agreement or any additional lawsuit arising out of breach of this Agreement. Upon the occurrence or existence of any Event of Default and at any time thereafter during the continuance of such Event of Default, Ionji may, by written notice to T7C, declare all outstanding Settlement Payments payable by T7C hereunder to be due and payable without presentment, demand, protest or any other notice of any kind, all of which are hereby expressly waived.

15. T7C further represented and warranted that "As of the execution of this Agreement, [T7C] is not aware of any circumstances that would prevent [T7C] from making the Settlement Payments required hereunder." *See* Agreement, p. 7 at ¶ 4(E).

16. Paragraph 6(B) of the Agreement states the following:

> "As security for payment of the Settlement Amount over time, the Parties shall enter into an "Agreed Judgment" for $687,697.29 in the form attached hereto as Exhibit B (the "Agreed Judgment"), which Agreed Judgment shall be held in escrow by Plaintiffs' counsel. Plaintiffs shall not file or execute on the Agreed Judgment unless Defendants fail to satisfy their Settlement Payment obligations set forth in Section 1 above and Exhibit A attached hereto."

17. On or around November 22, 2022, the Parties also entered into an Agreed Consent to Judgment for the amount of Six Hundred Eighty-Seven Thousand Six Hundred Ninety Seven Dollars and Twenty-Nine Cents ($687,697.29). *See* Agreement, Ex. B.

18. Upon execution of the Agreement, the parties filed a stipulation of dismissal with prejudice of the Lawsuit, which was filed and acknowledged with the Court on or about November 22, 2022. (*See Ionji LLC d/b/a Ionji Consulting, LLC v. Triple 7 Commodities, et al.,* Case No. 1:22-cv-885-JMS-MJD, Filing Nos. 48, 50).

19. After making the initial payment under the Agreement late or otherwise not in compliance with the terms of the Agreement, Defendants wholly failed to make the December payment which was due to Ionji on or before December 28, 2022.

20. On or around December 30, 2022, Ionji provided notice as required under Section 3(B) of the Agreement, informing Defendants that they were in default of their payment obligations (the "Notice"). Ionji advised that Defendants had fifteen (15) days to cure the default. A true and accurate copy of the Notice is attached hereto and fully incorporated herein as **Exhibit B**.

21. In the Notice, Ionji reminded T7C that they had fifteen (15) days to make payment under Section (3)(A)(5) before Ionji enforced all of the available remedies to them under the Agreement, including acceleration of the note in full, applying the default interest to the Settlement Amount, and filing the Agreed Consent to Judgment.

22. On or around January 16, 2023, Defendants indicated that they were unable to make the December 28, 2022 payment as required by the Agreement.

23. As of the filing of this Complaint, Ionji still has not received the December 2022 payment required by the Agreement, which constitutes an "Event of Default" under the Agreement.

24. Pursuant to Section 3 of the Agreement, the balance remaining under the Agreed Consent to Judgment is now due and owing to Ionji.

## COUNT I – BREACH OF CONTRACT (AGREEMENT)

25. Plaintiff incorporates by reference all preceding paragraphs as if fully restated herein.

26. The Agreement is a valid and enforceable contract between Ionji and the Defendants.

27. The Agreement was in full force and effect at all times relevant.

28. Defendants' actions, as fully set forth herein, constitute breaches of the Agreement.

29. Ionji performed its obligations and/or was not otherwise in violation of the Agreement.

30. Defendants' failure to timely pay the amounts owed under the Agreement is an Event of Default under the Agreement, equivalent to a breach of the Agreement.

31. As a direct and proximate result of Defendants' breach of the Agreement, Ionji suffered and will continue to suffer irreparable harm and damages.

32. Pursuant to Section 3(A)(5) of the Agreement, Ionji is entitled to late fees of one and one-half percent (1.5%) of the overdue payments.

33. Upon an Event of Default, Section 3(A)(6) of the Agreement provides for default interest in the amount of eighteen percent (18%) of the outstanding balance owed under the Agreement.

34. Ionji is entitled entry of the Agreed Consent to Judgment attached to the Agreement based upon Defendants' failure to honor its payment obligations under the Agreement.

35. Pursuant to the Agreement and the Agreed Consent to Judgment, Ionji is entitled to the entry of Judgment in its favor in the amount of Six Hundred Eighty-Seven Thousand Six Hundred Ninety-Seven Dollars and Twenty-Nine Cents ($687,697.29), less any payments made by T7C on that amount, plus default interest, late fees, costs, and attorney's fees in a total amount to be determined.

WHEREFORE, Plaintiff Ionji, LLC d/b/a Ionji Consulting, by counsel, respectfully requests that this Court enter judgment in its favor and against Defendants Triple 7 Commodities, Inc. and Robert Christiansen, by entry of the Agreed Consent to Judgment and related Order, and that this Court award Plaintiff damages in the amount of Six Hundred Eighty-Seven Thousand Six Hundred Ninety-Seven Dollars and Twenty-Nine Cents ($687,697.29), less any payments made by Defendants on that amount, plus default interest, late fees, costs, and attorney's fees, and for all other just and proper relief in the premises.

Respectfully submitted,

*s/ William J. Brinkerhoff*
B.J. Brinkerhoff, Attorney No. 24811-53
Olivia N. Daily, Attorney No. 36342-55
JESELSKIS BRINKERHOFF AND JOSEPH, LLC
320 North Meridian Street, Suite 428
Indianapolis, IN 46204
Phone: (317) 220-6290
Fax: (317) 220-6291
bjbrinkerhoff@jbjlegal.com
odaily@jbjlegal.com