UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IONJI, LLC d/b/a IONJI CONSULTING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00129-JRS-MG |
| | ) | |
| TRIPLE 7 COMMODITIES, INC., | ) | |
| ROBERT CHRISTIANSEN, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff filed a Motion to Maintain Document Under Seal, [Filing No. 5], in which it asks the Court to seal a prior Settlement Agreement, [Filing No. 2], between Plaintiff and Defendants. That Settlement Agreement is the subject of Plaintiff's Complaint, which brings a single count of breach of contract against Defendants for their alleged breaches of the Settlement Agreement. [*See* Filing No. 1.] Because Plaintiff's Motion failed to follow the procedural requirements for sealing documents set forth in S.D. Ind. L.R. 5-11, the Court ordered Plaintiff to comply with the procedures of by S.D. Ind. L.R. 5-11, [Filing No. 11], and Plaintiff filed a supplemental brief, [Filing No. 14], in support of its Motion.

The Seventh Circuit disfavors secrecy in judicial proceedings, as secrecy "makes it difficult for the public (including the bar) to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper." *GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014); *see also Jessup v. Luther*, 277 F.3d 926, 928 (7th Cir. 2002) ("[T]he public cannot monitor judicial performance adequately if the records of judicial proceedings are secret."). Consequently, federal court proceedings are "presumptively open to public scrutiny" and must "be conducted in public to the maximum extent consistent with respecting trade secrets,

the identities of undercover agents, and other facts that should be held in confidence." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006), *abrogated on other grounds by RTP LLC v. ORIX Real Estate Capital*, 827 F.3d 689, 691-92 (7th Cir. 2016).

A court may, though, permit the sealing of documents if there is good cause to do so—that is, if the movant's privacy interests trump the interests of the public in full transparency of the judiciary. *Citizens First Nat'l Bank v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999); *Jessup*, 277 F.3d at 928 ("When there is a compelling interest in secrecy, as in the case of trade secrets, the identity of informers, and the privacy of children, portions and in extreme cases the entirety of a trial record can be sealed."). A party requesting that a document be sealed must justify its claim of secrecy. *Baxter Int'l v. Abbott Labs.*, 297 F.3d 544, 546-47 (7th Cir. 2002).

Here, Plaintiff asks that the parties' Settlement Agreement remain under seal because the Settlement Agreement contains a confidentiality provision. However, a contractual confidentiality provision does itself provide good cause for sealing, particularly when the contract itself is the subject of the dispute. That is so because "[a] settlement agreement is a contract, and when parties to a contract ask a court to interpret and enforce their agreement, the contract enters the record of the case and thus becomes available to the public, unless it contains information such as trade secrets that may legitimately be kept confidential." *Herrnreiter v. Chicago Hous. Auth.*, 281 F.3d 634, 636 (7th Cir. 2002). *See also Atlanta Gas Light Co. v. Navigators Ins. Co.*, 2020 WL 7319059, at *2 (S.D. Ind. Dec. 11, 2020) ("[W]hile the Court recognizes the confidential nature of settlement agreements, that alone is not enough good cause to support a request to seal such an agreement when an issue arises in subsequent litigation requiring Court interpretation of it."); *Baer v. Wabash Ctr., Inc.*, 2016 WL 6080940, at *3 (N.D. Ind. Oct. 18, 2016) ("[W]hen the parties seek a judge's participation in the making of a settlement the facts and consequences of the judge's

participation are public acts.") (internal alterations and quotation marks omitted).  Furthermore, Plaintiff has already elected to put certain terms of the Settlement Agreement in public record by block quoting the agreement in its Complaint, revealing the most essential terms of the contract, including the payment amount, terms of payment, and available remedies for breach.  [Filing No. 1 at 3 (quoting Settlement Agreement ¶¶ 1(A), 1(B), 3, and 6(B)).]  Therefore, in this instance, the existence of a confidentiality provision does not provide a good enough reason that outweighs the presumption of public access; so, the Settlement Agreement must be unsealed.

Plaintiff next argues that even if the Settlement Agreement is not sealed, exhibits thereto should be because they include "sales figures and sales dollar amounts that should be non-public and confidential," as well as "check numbers and amounts."  [Filing No. 14 at 3.]  In support of it request to seal this information, Plaintiff conclusively states that "the privacy interests of the parties here … clearly outweigh any benefit of public access."  [Filing No. 14 at 3.]  But, beyond this conclusory statement, Plaintiff offers no explanation as to why such information is sufficiently sensitive or possibly constitute trade secret information such that they must be shielded from public view.  Plaintiff has not met its burden to justify its claim to secrecy for these exhibits.  *See Baxter Int'l,* 297 F.3d at 546-47 (sealing inappropriate simply because documents were commercial in nature).  Therefore, without more, the exhibits to the Settlement Agreement must be unsealed as well.

In sum, it is not appropriate for the Court to seal a document just because the parties wish it so.  Rather, a party must describe the specific documents sought to be sealed and provide specific reasons why disclosure would cause harm, which Plaintiff has not done here.  Therefore, Plaintiff's Motion to Maintain Document Under Seal, [5], is **DENIED**.  Pursuant to S.D. Ind. L.R. 5-11(g)

the Clerk is **DIRECTED** to unseal Filing No. 2-1 within 21 days absent a Fed. R. Civ. P. 72(a) objection, motion to reconsider, or further court order.

Date: 3/1/2023

*Mario Garcia*
Mario Garcia
United States Magistrate Judge
Southern District of Indiana

**Distribution via ECF to all counsel of record.**

**Distribution via U.S. Mail to:**

Triple 7 Commodities, Inc.
5540 KY 1809
Barbourville, KY  40906

Robert Christiansen
30736 Satinleaf Run
Brooksville, FL  34602